## CASTRO AND OTHERS v. WURZBACH.

Where the defendant in an action of trespass to try title pleads title in himself, and the land is sufficiently described in the petition, it is not error to refuse an order of survey on motion of the defendant.

It is very clear, that those claiming the benefit of this Act, (Hart. Dig. Art. 2391,) must deraign their title by a consecutive chain of transfer from the sovereign power down to him. In so deriving title, no link can be omitted. The statute only dispenses with the registration or proof of some one of them, or that if some link is in writing only ; which last we suppose means if a link should be in writing, but not witnessed nor under seal.

It seems that the deed contemplated by the 16th Section of the Act of limitations, which bars an action after five years, is an absolute deed ; and that an agreement for a title to be made at a future time, is not sufficient.

It is judicially known to the Court that land is subject to taxes ; and one who claims by the statute of limitations of five years, under the 16th Section of the Act of 1841, must prove the payment of them.

Appeal from Bexar. The suit was commenced in October, 1851. The plaintiff claimed by patent issued in 1851.

*D. C. VanDerlip*, for appellants.

*J. Waelder*, for appellee.

LIPSCOMB, J. This was a suit to recover land, brought by the appellee against the appellants. The plaintiff regularly deraigned his title from the Government, and no exception was taken to it. The defendants, the present appellants, plead title in themselves, for three and five years and alleged improvement made.

The first error assigned by the appellants, is the refusal of the Court to make an order of survey on their motion, to survey the land in controversy. The Act of Congress of 5th February, 1840, authorizing the Court to make an order of survey, when titles to land were in controversy, seems not to have allowed any exception, or left it to the discretion of the Court, and the order was granted on application at any stage in the progress of the suit, whether such survey was necessary to the trial or not. And in practice, it was often used as the means of procuring continuance of the cause. Either party could obtain it, and if not ready for trial, it was sure to be resorted to, if the party wishing the continuance was not prepared to make a sufficient showing for that purpose. If he could otherwise get the continuance, the motion for an order of survey was left for the last resort, and in some old cases, that had been long on the docket, it will be found that several continuances had been obtained by both parties by this convenient motion. (See Art. 3222, Hart. Dig.) The Act of 2nd February, 1844, was designed to put some restrainst on the facility with which orders of survey were obtained, and the abuses arising from it. It enacts " that where there is no " dispute as to the lines and boundaries of the land in contro- " versy, or where the defendant admits that he is in posses- " sion of the lands or tenements included in the plaintiffs' claim " or title, an order of survey shall be unnecessary, any law to " the contrary notwithstanding." (Art. 3236, Hart. Dig.)

The defendants answer among other matters in their defence, and say that they are the true and legal owners of the land sued for and described in plaintiff's petition; that they hold the same by good and valid titles, the said Castro from the government down to himself, and the said Causici holding under the said Henry Castro in trust for the said Amelia Castro, and under other deeds duly registered. After the filing of this answer, it would seem, that a survey could not at all be necessary; and the boundaries were sufficiently set out in the plaintiff's petition. A survey could have produced delay and the accumulation of costs only, and we do not believe the Court erred in refusing to grant the motion.

The second and third assignments will be considered together: "That the verdict is contrary to evidence;" and "That the Court erred in overruling the motion for a new trial." If a verdict should be clearly contrary to the evidence, or without evidence, to support it, the Court below ought in such cases to grant a new trial, and its refusal to do so, on motion of the injured party, would be a ground for reversing the judgment.

The defendants' several grounds of defence, set up by answer or plea, have been recited: valid titles in themselves derived from the government, three years peaceable possession by deeds duly recorded and registered. The proof is that they were in possesion from 1846 or 1847, to the time of the commencement of the suit, but they have not connected their possession with title derived from the government, nor by deed duly registered and recorded. The only title offered is articles of agreement between one McMullen and Castro, by which McMullen promises to convey certain lands to Castro, after a suit then pending to try title to the said land is decided in McMullen's favor, and on Castro then performing some annexed conditions; and there is not the slightest evidence as to whom McMullen derived his claim of title from.

The three years' limitation Act, as it is commonly called, is in the following words: "That every suit to be instituted

" to recover real estate, as against him, her or them in posses-
" sion under title or color of title, shall be instituted within
" three years next after the cause of action shall have accrued
" and not afterwards. * · * *  By the term title as used in this
" Section is meant a regular chain of transfer from or under the
" sovereignty of the soil; and color of title is constituted by
" a consecutive chain of transfer down to him, her or them in
" possession, without being regular; as if one or more of the
" memorials or muniments be not registered, or not duly regis-
" tered, or be only in writing, or such like defect as may not
" extend to or include the want of intrinsic fairness and hon-
" esty; or when the party in possession shall hold the same
" by a certificate of headright, land warrant or land scrip, with
" a chain of transfer down to him, her or them in possession."
(Art. 2391, Hart. Dig.)  It is very clear, that those claiming
the benefit of this Act must deraign their title by a consecu-
tive chain of transfer from the sovereign power, down to him.
In so deriving title, no link can be omitted.  The statute only
dispenses with the registration or proof of some one of them,
or that if some link is in writing only, which last we suppose
means if a link should be in writing, but not witnessed nor
under seal.

The agreement between Castro and McMullen has been de-
scribed and in it there is no pretention, that McMullen de-
rived his title from the Government, or the sovereignty of the
soil, in the language of the statute.  There was then no evi-
dence to authorize the jury to find in favor of the appellants,
under the three years statute.

The part of the five years' statute that need be cited is as
follows, i. e.:  " That he, she or they who shall have had five
" years peaceable possession of real estate, cultivating, using
" or enjoying the same and paying tax thereon, if any, and
" claiming under a deed or deeds duly registered, shall be held
" to have full title, precluding all claims, but shall not bar the
" Government."  (Art. 2392, Hart. Dig.)  Under this statute,
the party in possession is not required to deraign his title from

the sovereignty; it is sufficient if he holds under a deed duly registered, and shows that the taxes thereon, if any, have been paid by him.

The articles of agreement between McMullen and Castro cannot be regarded as a deed within the meaning of the term, as used in the statute. It conveys nothing; it only undertakes to convey on the happening of certain contingencies; if he should be successful in litigating the title for the same in a suit then pending, and Castro perform certain conditions stipulated. Had there been a deed from McMullen to Castro, duly recorded, conveying the land in controversy, the case would have been different. If there had been such deed on record, the person holding the better title would have been put upon his guard, and noticed whether a possession was coupled with it; but so long as it was only articles of agreement to make the deed some future time, he might feel at rest about any possession of the land.

Again, it is required by this five years' statute, that the party claiming its benefit should have paid the taxes on the land. That such land was taxed, we must judicially know; and if the party claiming by possession had paid, such payment being a condition required by the statute, he should have proven it. There is no evidence that the defendants had paid the taxes, but there is evidence that the taxes for 1849 were paid by the plaintiff, or those through whom he derives title. We believe, then, that appellants have failed, in this particular, to bring themselves within the provisions of the statute, and cannot therefore avail themselves of its benefit. The evidence before the jury would not have authorized a verdict for the appellants, under the five years limitation, any more than under the three years limitation.

We have but one ground more to examine, on which appellants ask a reversal of the judgment. They contend that the Court below erred in refusing to grant a new trial, on the ground of newly discovered evidence. We believe that if this newly discovered evidence had been material, the appellants

have not shown that it could not have been known by them before the trial, by ordinary diligence. But it is not regarded as material. It is only cumulative, and not more satisfactory than the evidence offered by the party on the trial, and by witnesses whose means of knowing the condition of the improvements fully as good as the newly discovered one; and those witnesses show that the ditch dug by the appellants was of no practical or permanent advantage. We are therefore of opinion, that there is no ground for reversing the judgment, and it is therefore affirmed.

Judgment affirmed.