## E. L. GIVENS v. R. F. BLOCKER.

It is not sufficient in a petition for *certiorari*, to aver that about six months after the execution of the due-bill sued on, and upon which judgment had been rendered in favor of a transferee, a settlement of all their dealings was made between the petitioner and the payee, and that each gave the other a receipt in full. It should state, that the due-bill was included in the settlement, and that the receipt was proved upon the trial.

A petition for *certiorari* should aver, that all the facts proved on the trial are therein stated.

Upon the dismissal of a *certiorari*, it is erroneous to give judgment against the principal, and his sureties on the bond, for the debt, as on affirmance.

ERROR from Rusk. Tried below before the Hon. Charles A. Frazer.

The plaintiff in error brought this case to the District Court, by *certiorari.* He alleged, in his petition for a *certiorari*, that the due-bill, upon which the judgment had been rendered against him in favor of the defendant in error, was executed to one Benjamin Gholson, the payee of the same, on March 24th, 1854; "that there were dealings to a large amount between said Gholson

41

and himself, to wit, $700, and upwards; that on the 1st day of September, 1854, petitioner and said Gholson, had a settlement of all these dealings, each one giving the other his receipt in full, of all demands up to that day; and that said Gholson died soon after this settlement, to wit, in the fall of 1854."

It is unnecessary to give the other allegations of the petition. It was not, however, averred, that the receipt of Gholson to the plaintiff in error was proved on the trial, or that he had set out in his petition all the facts that were proved upon the trial.

The petition for a *certiorari* was, on motion of the defendant in error, dismissed, and judgment was given by the court against the plaintiff in error, and his sureties on the *certiorari* bond, for the amount of principal and interest of the judgment, with ten per cent. damages thereon.

*A. J. Hood*, for the plaintiff in error.

*William W. Wallace*, for the defendant in error.

ROBERTS, J.—The court below did not err in dismissing the petition for *certiorari*, because it did not allege that the note sued on was included in the settlement made between Givens and Gholson, the original payee; and also, because it failed to show that the receipt was proved at the trial, and that it embraced this note.

Another objection to the petition is, that it did not allege that the facts recited as proved on the trial, were all the facts proved. (Robinson v. Lakey, 19 Texas Rep. 139.)

Upon dismissing the petition, the court rendered judgment against the principal and sureties on the bond given for the *certiorari*, for the amount of the debt, as upon affirmance after a trial *de novo*. In this, there is error. The judgment should have dismissed the petition, and rendered a judgment for the costs of the District Court. This would have left the judgment of the Justice's Court in full force, as if no *certiorari* had been granted. It is usual in such cases to award a *certiorari proce-*

*dendo.* To render any other judgment, would be taking cogni-
zance of the case by the District Court, which is inconsistent
with the judgment of dismissal. The judgment must be re-
versed and rendered here, so as to correct this error.

Reversed and rendered.