## MRS. M. E. TAYLOR v. J. D. BRYMER ET AL.

### Decided December 8, 1897.

**Limitation—Land—Five Years Statute.**

To complete the bar of a suit for the recovery of land under the five years statute of limitations, the possession under a deed already recorded and the payment of taxes must be concurrent in point of time for the full statutory term, and failure to prove the payment of taxes for any year during the time will be fatal to the plea.

APPEAL from Bell. Tried below before Hon. JOHN M. FURMAN.

*Harris & Saunders*, for appellant.—Where a judgment is not supported by the evidence, or if the judgment be without or contrary to the evidence, or if there be a great preponderance of evidence on the other side, the judgment should be set aside. As to the preponderance of the evidence: McAfee v. Robertson, 41 Texas, 358; Allen v. Brown, 11 Texas, 520; Long v. Steiger, 8 Texas, 460; Edrington v. Kiger, 4 Texas, 89; Taylor v. Ashley, 15 Texas, 50; Railway v. Schmidt, 61 Texas, 286. As to the plea of limitations: Muller v. Thornton, 77 Texas, 156; Rev. Stats., arts. 3342, 3343.

*A. M. Monteith*, for appellees.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought the 14th day of September, 1889, by J. D. Brymer and his wife M. E. Brymer;

Willard W. Arnold and his wife M. E. Arnold, and W. A. Gallion, against M. E. Taylor and I. P. Vernon and Bell County, to recover twenty acres of land, part of the William Wills pre-emption survey, described in the petition, which is in the form of trespass to try title.

Mrs. M. E. Taylor, on January 6, 1890, answered by demurrer, general denial, and plea of not guilty, and also by pleas of three, five, and ten years limitation.

On July 12, 1890, plaintiffs, by supplemental petition, replied to the answer, setting up that they are the heirs of Abner D. and Sarah E. Gallion, who died, Abner D. in the year 1869, and Sarah E. in the year 1873; that Abner D. and Sarah E. left surviving them three children, Mrs. Arnold, W. A. Gallion, and Mrs. Brymer; that Mrs. M. E. Brymer was 25 years old on the 7th day of November, 1889; Mrs. M. E. Arnold was 23 years old the 27th day of October, 1889; and that W. A. Gallion was 21 years old the 12th day of January, 1890; that one child was born to Sarah E. Gallion by her marriage with one Williams, to wit, Ella Williams, and none other; that Ella Williams was about 19 years old at the date of the filing of the suit; that Mrs. M. E. Brymer, a Gallion, was married to J. D. Brymer the 7th day of August, 1883, and they have ever since been man and wife; that Mrs. M. E. Arnold, a Gallion, was married to W. W. Arnold on the 28th day of November, 1883, and they have ever since been man and wife; wherefore, defendants say the statute of limitations did not run against them.

Plaintiffs dismissed their suit as to Bell County.

On the 8th day of January, 1897, the cause was submitted to the court without a jury, and on the 11th day of the month judgment was rendered for plaintiffs, and defendant Mrs. M. E. Taylor has appealed.

The facts in evidence are as follows: It was agreed that the title to the land was in A. D. Gallion, and was still in him or his heirs unless the defendants should show that the title was divested out of him or his heirs.

A. D. and Sarah E. Gallion were the father and mother of plaintiffs as alleged in supplemental petition; the father died in 1869 and the mother in 1873, leaving three children, as alleged, and Mrs. Gallion married again, one Williams, and Ella Williams was born to her by that marriage, a female. Mrs. Brymer was 25 years old on the 7th day of November, 1889, and Mrs. Arnold was 23 years old the 27th day of October, 1889, and Ella Williams 19 years old, as alleged in supplemental petition. Mrs. Arnold was married on the 28th day of November, 1883, to W. W. Arnold. Mrs. Brymer was married to J. D. Brymer on the 7th day of August, 1883, she being then 19 years old. Mrs. Arnold was just past 17 years old at the time of her marriage. It is not shown whether Ella Williams is married or not.

A deed to a tract of land, estimated to convey about 20 acres, a part of the William Wills survey, was turned over to Mrs. Arnold and her husband by her grandmother, Mrs. Gilley, with whom she lived from the death of her mother to the time of her marriage. The deed was inclosed

in an envelope, in which was also a letter. The letter was to Mrs. Thomas Hunt, and was written by R. H. Taylor, February 17, 1876, then the husband of defendant, Mrs. M. E. Taylor. The letter reads: "Inclosed please find a deed which I will ask you to deliver to the proper owners (Gallion heirs). The deed was left with me to be recorded so soon as the grantee paid me $40. The grantee is now dead, and there is a move on foot, I fear, to swindle them out of the land, and to save that I am willing to give the children my claim to the land. If you wish any information about the land, write to me, and I will give it to you. The land is worth $10 or more per acre."

Defendant introduced a tax deed, executed by W. S. Rather, tax collector of Bell County, dated the 7th day of May, 1878. The deed recites, that "whereas, certain taxes are due the State of Texas and the county of Bell by unknown owner or owners, as assessed against him or them for the year 1877, upon the following described tract of land, viz., twenty acres of land out of the Reuben Wills survey, which taxes amount to the sum of one dollar and sixty-seven cents, as appears from the tax rolls of said county for the year 1877." The deed then proceeds to show that "by virtue of the tax roll, aforesaid," the collector had levied on and seized a certain tract of land, as belonging to unknown owner or owners, hereinafter described, to be sold to make the amount of taxes yet unpaid, together with costs, and that he had advertised the land, as required by law, for sale, and that pursuant thereto he had sold to Mary E. Taylor, on her bid of five dollars and seven cents, twenty acres of said land, and that in consideration of that sum paid, he conveyed to Mary E. Taylor the estate of the unknown owner or owners the following tract of land, described as twenty acres out of the *William Wills* survey. Beginning at the S. E. corner of survey in the name of Bradley, giving mesquite bearings; thence N. 83 W. 400 varas to a stake, giving mesquite bearings; thence S. 19 W. 283 varas to a stake for S. W. corner of this survey and the N. W. corner of the Reuben Wills; thence S. 71 E. 400 varas to a stake, thence N. 19 E. 283 varas to the beginning. These field notes describe or include the same land sued for by plaintiffs.

The tax collector, W. S. Rather, on the 18th day of November, 1878, duly acknowledged the deed for record, and it was filed for record February 6, 1884. There is no certificate of the record of the deed.

Mrs. Taylor, defendant, testified that she had been in possession of and paid the taxes on the land sued for, for ten or eleven years continuously, paying the same each year. Her testimony was given on the 11th day of January, 1897. She introduced tax receipts for the years 1878, 1880, 1883, 1884, 1885, 1886, 1887, 1888, 1889, and 1890, but no tax receipts for the years 1879 and 1882. The tax receipts for 1883 and 1886 showed payment of taxes on the Reuben Wills 320 acres survey, abstract No. 887, not on the William Wills survey, abstract No. 880. She is not shown to have paid the taxes on the land in suit for five successive years before suit. Five or six years before suit, she sold to Bell County two acres out of the land in controversy, and since then has only paid taxes

on eighteen acres. She has never seen the land, but had possession of it by tenants, and she only claimed land in the William Wills survey and not on the Reuben Wills.

It was shown by the testimony of R. L. Gully, tax collector of Bell County, that Mrs. Taylor "had no land on the Reuben Wills survey, and that the taxes must have been intended for the William Wills survey, and that a mistake was made." It was also shown by his testimony that Mrs. Taylor did not render land for taxes for the years 1883 or 1886 on the William Wills survey or the Reuben Wills survey, and neither of these surveys was credited with the taxes for said years.

The land in suit was inclosed by wire fence before 1883, and was held by tenants for Mrs. Taylor, cultivating fifteen acres, and the rest was a grass spot, they paying her rent, and it has been in her possession since that time, more than five years before suit, but not for ten years.

September 16, 1856, patent issued to William Wills for 320 acres of land in Bell County, and it adjoins the Reuben Wills 320 acres survey, the patent to which issued to Reuben Wills March 25, 1852. The abstract number of the Reuben Wills survey is 887, and the abstract number of the William Wills is 880.

*Opinion.*—Unquestionably, the pleas of three and ten years limitation of Mrs. Taylor were not sustained, and the court did not err in so finding. Nor can it be said that the plea of five years limitation under the tax deed was sustained. W. A. Gallion was only 21 years old on the 12th day of January, 1889, the suit having been brought on the 14th day of September, 1889.

The statute was set in motion against Mrs. Brymer on August 7, 1883, at the time of her marriage, the defendant then being in possession, and it did not run against Mrs. Arnold until her marriage, November 28, 1883. There was no possession of the land as against their ancestors, Gallion and wife, during their lives, and the statute did not begin to run against them. At their death the title vested in their heirs, and the running of the statute must be computed from the time it could lawfully run against their heirs. The tax deed of Mrs. Taylor was not filed until the 6th day of February, 1884, from which time only the possession under the five years statute could be said to run. From this time up to the time suit was brought was more than five years, but the five years statute could not be invoked under that possession, because the taxes were not paid for one of the years necessarily included in the time—the year 1886. The possession under a recorded deed and the payment of taxes must concur, and though the deed be duly recorded, and the possession be for the requisite time after the recording of the deed, still, the failure to prove the payment of taxes for any year during the time will be fatal to the plea of five years limitation. Sorley v. Matlock, 79 Texas, 307; Murphy v. Welder, 58 Texas, 240. The possession and payment of taxes and the registered deed must be concurrent in point of time for the full statutory term to complete the bar under the plea of five years limitation.

Snowden v. Rush, 69 Texas, 593; 13 Texas, 132; 22 Texas, 633; 26 Texas, 56; 54 Texas, 554.

It is clear that Mrs. Taylor did not show the statutory requisites to make good her plea of limitation. The judgment of the lower court is affirmed.

*Affirmed.*