## COFFMAN v. NATIONAL MOTOR PRODUCTS CO. et al.

### No. 10590.

Court of Civil Appeals of Texas. Dallas.
March 24, 1930.

Rehearing Denied April 19, 1930.

J. Lee Zumwalt, of Dallas, for appellant.

John C. Read, of Dallas, for appellees.

LOONEY, J.

The National Motor Products Company, a nonresident corporation, sued A. L. Coffman in a justice court of precinct 1, Dallas county, Tex., in an action of debt to recover less than $100, and on March 19, 1926, obtained judgment. On the same day Coffman moved for a new trial, and when the term of court ended, on April 11, 1926 the motion was pending—hence was overruled by operation of law on that date. See McKean v. Ziller, 9 Tex. 58; Laird v. State, 15 Tex. 317; Bass v. Hays, 38 Tex. 129; Thomas v. Neel (Tex. App.) 18 S. W. 138; Gonzales v. State, 38 Tex. Cr. R. 62, 41 S. W. 605, 606. Thereafter on ―――― day of June, 1926 (the day of month not given), Coffman removed the case to the county court by writ of certiorari. Plaintiff filed several motions in the county court to dismiss the writ for want of jurisdiction; the first on February 8, 1927, was overruled March 30, 1927; the second May 12, 1927, was not acted upon; and on December 5, 1927, at the succeeding term of court, the third motion was filed and on same day sustained, the certiorari proceedings dismissed, and the justice of the peace was directed to proceed with the execution of his judgment. Coffman moved for a new trial, which was denied, and thus the case ended, as it was not appealable. Execution was later issued by the justice of the peace and placed in the hands of the sheriff of Dallas county, who was threatening a levy thereunder when Coffman filed this suit against the National Motor Products Company, plaintiff in judgment, Ben F. Fly, justice of the peace, in whose court the judgment was rendered, Allen Seale, sheriff of Dallas county, who held the execution, and J. A. Rawlins, judge of the county court at law No. 2, by whom and from whose court the certiorari was dismissed. Plaintiff sought injunctive relief, temporary and permanent, prohibiting the enforcement of the judgment rendered against him in the justice court, and in the alternative for mandamus directing Judge Rawlins to set aside the order of dismissal, reinstate the case, and try upon its merits.

Coffman appeals from the judgment of the district court dismissing his suit on general demurrer.

The controlling question presented by the record is this: Was the judgment of the county court, dismissing the certiorari, void or merely erroneous? If void, it is subject to collateral attack; but if simply erroneous, however gross the error, its enforcement cannot be enjoined. See Galveston, etc., Co. v. Ware, 74 Tex. 47, 11 S. W. 918, 919; Tucker v. Williams (Tex. Civ. App.) 56 S. W. 585;

922

Houston, etc., Co. v. Young (Tex. Civ. App.) 137 S. W. 381; Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086.

An extended discussion of the question is not deemed necessary. We think the county court was authorized to determine the jurisdictional question raised by the motion, which it did by dismissing the certiorari proceedings, and although its action in so doing was, in light of the record, doubtless erroneous, its judgment was not void for that reason, and therefore was and is immune from collateral attack. See Roberts v. McCamant, 70 Tex. 744, 8 S. W. 543, 544; Wright v. Shipman (Tex. Civ. App.) 279 S. W. 296, 298. In Roberts v. McCamant, supra, the Supreme Court considering this identical question announced the doctrine stated above in the following language: "It seems to us that Roberts was entitled to his appeal, and he alleges in his petition that it was perfected. But the county court had jurisdiction to determine these questions, and it appears from the petition that it did determine that it did not have jurisdiction of the case, and dismissed the appeal on that ground. The judgment of the county court may be erroneous, but it is none the less conclusive until set aside by proper proceedings, and estops the appellant from saying that the case had been properly appealed."

The effect of the judgment of the county court, dismissing the certiorari, was to adjudicate that the writ ought never to have been granted, and the judgment of the justice court was left in full force; hence a procedendo properly issued. Givens v. Blocker, 23 Tex. 633, 635; Miller v. Holtz, 23 Tex. 140; Clark v. Hutton, 28 Tex. 124, 127; Harter v. Curry, 101 Tex. 189, 105 S. W. 988.

In harmony with these views, we affirm the judgment of the court below.

Affirmed.