Dismissed and Memorandum Opinion filed December 15, 2009.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00288-CV



 

Linda Frank, Appellant

V.

Brittany Square Apartments, Appellee

 



On Appeal from the County Court
at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 08-CCV-038247



 

MEMORANDUM  OPINION

 

            In this forcible detainer suit, the
tenant appealed the judgment of the justice court to the county court at law.  She
asserts that the county court upheld the justice court’s judgment and granted
possession of the premises to the landlord, but she identifies no appealable
order in the record.  We therefore dismiss this appeal for want of
jurisdiction.

I.  Factual and Procedural Background

            Asserting non-payment of rent and other
reasons that were not specified in the written complaint,[1]
appellee Brittany Square Apartments (“Brittany Square”) filed suit for eviction
and back rent against appellant Linda Frank on November 25, 2008 in the Justice
Court of Fort Bend County, Precinct One, Place Two.  On December 16, 2008, the
judge ruled in favor of Brittany Square Apartments for possession only.  The
judgment also bears the handwritten note, “Bond Amount per Judge $300.00.”

            Frank timely appealed to Fort Bend County
Court at Law No. 4 by filing a pauper’s affidavit and a notice of appeal.  The
matter was set for a hearing to take place on March 16, 2009, and although the
parties agree that the hearing took place as scheduled, no record was made.  On
March 24, 2009, Frank filed a notice of her intent to appeal the judgment of
the county court at law.

II.  Analysis

            In a civil appeal, we generally accept as
true the representations made in an appellant’s statement of facts unless
another party contradicts them.  Tex. R.
App. P. 38.1(g).  Here, the appellant and appellee disagree as to
whether the trial court issued any orders at all before Frank brought this
appeal.  In her appellate brief, Frank states, “The case was appealed to county
court and heard by Judge R.H. Bielstein who upheld the original order from
Justice Court and an order was issued for possession and no back rent.” 
According to Brittany Square, however, “[t]his is an appeal of a County Court
Docket sheet entry. . . .  As a result of that docket sheet
entry, no specific action was undertaken, [and] no Order or Judgment was signed
or executed . . . .”  Brittany Square further asserts that
Frank “file[d] a notice of appeal even though no Judgment o[r] Order had been
signed.”

            We have found in the record no order such
as Frank describes, although the record does contain an unsigned docket entry
dated March 16, 2009 in which it is stated, “Appeal Denied.  15 days to
vacate.”[2]
 This is not, however, an appealable order.  See Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (explaining that appeals are
available from final orders or judgments and from interlocutory orders as
permitted by statute); Nelson v. Britt, 241 S.W.3d 672, 675 n.1 (Tex.
App.—Dallas 2007, no pet.) (noting that a docket entry normally cannot show the
existence of an order or judgment); Bryan v. Watumull, 230 S.W.3d 503,
507 n.2 (Tex. App.—Dallas 2007, pet. denied) (“The general rule is that a
docket entry forms no part of the record which may be considered; it is a
memorandum made for the clerk’s and the trial court’s convenience.”).  Because
neither a final judgment nor an order subject to interlocutory review is at
issue here, we dismiss this appeal for want of jurisdiction.[3]

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.









[1]
Unless specifically provided otherwise, pleadings in the justice courts are
oral.  Tex. R. Civ. P. 525.





[2]
This entry’s meaning is uncertain.  Regarding the first sentence in the docket
entry, it should be noted that the trial court has no discretion to “deny” an
appeal from a justice court’s judgment in a forcible detainer suit; once an
appeal to the county court has been perfected, the case is tried de novo.  Tex. R. Civ. P. 751.  Here, Frank filed
a pauper’s affidavit, and because Brittany Square did not timely contest her
assertion of indigency, the facts as represented in her affidavit are
conclusively presumed to be true.  See Tex.
R. Civ. P. 749a.  Consequently, Frank was not required to file an appeal
bond in order to perfect her appeal.  See Tex. R. Civ. P. 749c.  It is true that a litigant can attack
some judgments of a justice court by applying for a writ of certiorari from the
county court, and that an application for such a writ, unlike an appeal, can be
denied.  See Clark v. Hutton, 28 Tex. 123, 1866 WL 3980, at *3 (1866)
(“The writ of certiorari is not granted as a matter of right.  The
application for it is addressed to the discretionary powers of the
court . . . .”); Tex.
R. Civ. P. 577, 578 (application for certiorari must be supported by an
affidavit of sufficient cause).  But certiorari from a justice court is not
available in cases of forcible entry and detainer.  Tex. Civ. Prac. & Rem. Code Ann. § 51.002(d) (Vernon
2008).  Such cases are reviewable only by appeal to the appropriate county or
district court.  Id. § 51.001; Tex.
R. Civ. P. 749; Chang v. Resolution Trust Corp., 814 S.W.2d 543,
544–45 (Tex. App.—Houston [1st Dist.] 1991, no writ).

            As to the second
sentence in the docket entry, we point out that writs of possession are issued
by the clerk of the county court according to the judgment rendered.  See Tex. R. Civ. P. 254.  This docket entry
is not itself such a writ.





[3]
In a post-submission brief, Frank asserts that her family was unlawfully evicted
on August 17, 2009, see Tex.
Prop. Code Ann. §§ 92.008–.009 (Vernon 2007), and prays that this court
award her actual and punitive damages.  Frank’s wrongful-eviction claim,
however, is not properly part of this appeal.  It appears instead to be an original
claim that has not yet been litigated, see Tex. R. App. P. 33.1(a), and for which Frank relies on
material that is not part of the record before us.