# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1888.

### No. 5608.

### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. O. C. DOWE ET AL.

1. JURISDICTION.—The power conferred by the Constitution of 1845 on district courts to exercise general supervision and control over inferior jurisdictions is not conferred by the present Constitution.
2. SAME—EQUITY.—Courts of equity will not interfere to control the proceedings of other courts where there have been mere errors of law or judgment, or where the matter is cognizable in the inferior court and has been there decided, or even where there is concurrent jurisdiction.
3. SAME.—The district court will not interfere to correct by injunction errors of an inferior court even where no appeal is allowed.

APPEAL from Maverick. Tried below before the Hon. D. P. Marr.

*P. H. Ward*, for appellant, cited Constitution, article 5, section 8; Revised Statutes, article 2873, sections 1, 3; article 2898; Bill of Rights, sections 19, 13; Newson v. Chrisman, 9 Texas, 117; O'Brien v. Dunn, 5 Texas, 571; Cannon v. Hendrick, 5 Texas, 339; County of Anderson v. Kennedy, 58 Texas, 622; Alexander v. Holt, 59 Texas, 205; Day v. Chambers, 62 Texas, 192; Galveston, Harrisburg & San Antonio Railway Company v. Ware, 4 Texas Law Review, 96; Haby v. Koenig, 4 Texas Law Review, 119; Crafts v. Dexter, 8 Alabama, 767; 3 Wait's Actions and Defenses, 733, 199; High on Injunctions (2 ed.), sections 118, 227, 165–167; 3 Pomeroy's Equity Jurisprudence, section 1338; Chambers v. Cannon, 62 Texas, 293; Harrison v. Crumb, White & Willson's Condensed Reports, sections 991, citing 7 Wisconsin, 595; 1 Stockton, 246; 11 Wisconsin, 389; 10 Iowa, 131; 12 Wisconsin, 81; Hilliard on Injunction, section 177.

*J. A. Ware* and *West & McGown*, for appellee: The allegations in appellant's petition show that the justice of the peace had full jurisdiction over the subject matter and person of appellant, legally and regularly obtained, when said justice's court rendered judgments complained of; therefore such judgments are conclusive and not subject to collateral attack. Fitch v. Boyer, 51 Texas, 344; Murchison v. White, 54 Texas, 79; Treadway v. Eastburn, 57 Texas, 212; Mills v. Herndon, 60 Texas, 360; Watkins v. Davis, 61 Texas, 415.

The object and purpose of appellant's petition being to revise errors in suits in which there could be no appeal by law, the district court properly refused to grant the injunction asked for. Constitution, article 5, section 16; Revised Statutes, articles 1638, 1165; Galveston, Harrisburg & San Antonio Railway Company v. Ware, 2 Wills., section 357; 1 High on Injunctions, page 118.

COLLARD, JUDGE. The first and principal question raised by the errors assigned in this case may be stated as follows: Has the district court under our present Constitution the power to set aside and restrain the enforcement and collection of a judgment of a justice of the peace where it is apparent that the judgment is inequitable, erroneous and unjust.

The justice of the peace rendered thirteen separate judgments in favor of appellee against the appellant upon as many different time checks issued by contractors to various persons for work and labor performed on appellant's railroad, all endorsed in blank and owned by the appellee. Appellants were not parties to the checks, and were not primarily liable on the same; the makers were not made parties to the suits, and the justice of the peace refused to make them parties upon application of appellant; the appellant was not indebted to the contractors or to the laborers by the terms of the checks, and the justice, without other evidence than the checks themselves and the proof that Dowe paid value for them, rendered judgment against the company on each check in each case in amount so small that there could be no appeal to the county court. This makes a case of great hardship as the case is stated in the petition for injunction. The question is, then, can the district court grant relief by injunction upon the allegations of the petition?

The justice of the peace had jurisdiction of the amount involved in the suits, and of the parties, and the company appeared and made, or attempted to make, all of the defenses that could be made in each of the suits.   The petition does not allege that there was any fraud on the part of Dowe in obtaining the judgments, sets up no accident, mistake or ignorance on the part of the company unmixed with negligence, that would ordinarily authorize an injunction, but seeks to have the rulings and the judgments of the justice, which the Constitution authorized him, and him alone, to make, set aside and revised by the district court by means of injunction, because the judgments were erroneous and contrary to the principles of law and good conscience.

Under the constitution of 1845 the district courts had the power to issue all writs necessary to enforce their own jurisdiction, and to give them general superintendence and control over inferior jurisdictions (Constitution 1845, art. 4, sec. 10), but there is no such provision in our present Constitution.   The district courts have the power to issue writs of habeas corpus, mandamus, injunction, certiorari, and all writs necessary to enforce their own jurisdiction, but the power was not given in the present Constitution to exercise a general superintendence and control over inferior jurisdictions, by writs or otherwise. Under the old Constitution writs of injunction were resorted to where the remedial power of a court of chancery would be authorized, but the most common remedy to supervise the proceedings of inferior courts was by certiorari. (Newson v. Chrisman, 9 Texas, 115; Smith v. Smith, 11 Texas, 102; Rotzein v. Cox, 22 Texas, 63.)   But the power of the district court to interfere was always referred to the power to issue writs to give it superintendence and control over inferior courts.   The district court can now issue writs of injunction where by the established rules of equity they would be awarded; and the right to grant the writ carries with it the jurisdiction to which the writ applies in chancery courts and no more, and this without regard to amount. (Anderson County v. Kennedy, 58 Texas, 622; Reed v. Johnson, 53 Texas, 288; Dauenhauer v. Devine, 51 Texas, 480.)   In Anderson County v. Kennedy, Justice Stayton clearly explains, and limits the power of the district court in injunction proceedings.   He says:  "The Constitution granting authority to issue writs of injunction, granted all the equity powers conferred upon chancery courts in such cases without regard

to amount;" and these views were followed by the court in Alexander v. Holt, 59 Texas, 205, and Day v. Chambers, 62 Texas, 191. But none of these were cases where the jurisdiction of inferior tribunals or the validity of their judgments were sought to be interfered with, but rather cases where the writ was intended to prevent persons from committing unlawful acts where there was no remedy at law. Courts of equity will not interfere to control the proceedings of other courts where there have been mere errors of law or of judgment; or where the lower court can hear and determine the dispute; or where the matter is cognizable in the inferior court, and has been there decided; or even where there is a concurrent jurisdiction. (Marine Insurance Company v. Hodgson, 7 Cranch; Pouder v. Cox, 26 Georgia, 489; Beaudry v. Finch, 47 California, 184; 3 Pomeroy's Equity, sections 1360–1365, inclusive; McNeill v. Hallmark, 28 Texas, 157; Odom v. McMahan, 67 Texas, 292.)

In the last above cited case our court expressly declares that the district courts will not grant injunctions to correct errors of inferior courts, even where no appeal is allowed. See also Freeman v. Miller, 53 Texas, 372; Gibson v. Moore, 22 Texas, 611; Overton v. Blum, 50 Texas, 417.

If a defendant might have had his day in court, and by his own negligence failed to appear, or if he had had a trial that resulted adversely to him, no reason can be given why he should have another trial in another court, or why another court should interfere to review the proceedings or arrest the judgment where no appeal is allowed by law. The justice's court has a special and exclusive jurisdiction under the Constitution, independent of all other courts, and no other court can interfere with its proceedings, to grant new trials or to prevent the enforcement of its judgments or to review its trials except as provided by law on appeal; and where no appeal is allowed, its judgments are final and conclusive. Same where it is made to appear that by accident, fraud, mistake or ignorance such a wrong has been done as would authorize the prevention of the wrong if committed by any other court. It has the right to grant new trials, and if it refuses to do so another court can not invade its jurisdiction and grant a new trial for it. In the petition for injunction in this case by the company, the wrong complained of was cognizable by the justice's court, was considered and decided by the court, and because there was error in the proceedings and an illegal conclusion reached by the

judgment the district court was asked to grant an injunction to set aside the judgments and perpetually enjoin their enforcement. No new trial was asked in the justice's court, but if there had been, and it had been refused (as it doubtless would have been) the judgments could not be reviewed in the district court any more by injunction than appeal. No ground is set up in the petition that would warrant injunction, and it would be as well to complain that no appeal was allowed by law, or that the injunction could not be granted. The district courts can not give to themselves a jurisdiction to review the errors of inferior courts, and so add to their jurisdiction powers not granted by the Constitution. Taking the allegations of plaintiff's petition as true, there was evidently injustice done the appellant, but it was such as could have been remedied by the justice upon motion for new trial, and by him alone.

There was no error in the judgment of the district court in dismissing the petition and dissolving the injunction as to the judgments of the justice of the peace; but as the injunction was sustained to the extent of requiring the constable to hold and sell the property levied upon as realty there was error in adjudging the costs against the appellant as complained of in the second assignment of error.

The judgment of the district court is therefore reformed in accordance with this opinion, and it is ordered that the appellees pay all the costs of the district court and of this appeal.

*Judgment Reformed.*