## St. Louis, Iron Mountain & Southern Railway Company v. Coca Cola Company.

### Decided June 6, 1903.

**1.—Injunction—Restraining Justice Court Judgment.**

An injunction will not issue to restrain the execution of a justice court judgment—it being final and not appealable under the statute—where the court had jurisdiction and the object of the injunction suit is to review its action.

**2.—Same—Fact Case—Res Adjudicata.**

A justice of the peace, on the first trial, ruled out plaintiff's sworn account as not being competent evidence, and rendered judgment against him. Plaintiff sued again and defendant pleaded res adjudicata, but in vain, the second judgment being for plaintiff, and defendant thereupon sued out an injunction to restrain its execution. Held, that as the justice had jurisdiction to determine the plea interposed and the amount involved was less than $20, plaintiff was without redress.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*W. A. Rhea, Jr.,* and *Henry & Henry,* for appellant.

*C. W. Lewilling* and *Dwight L. Lewilling,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellant instituted this suit in the district court to enjoin the execution of a judgment recovered by appellee in the justice court against appellant. A temporary injunction was granted, but upon final hearing said injunction was dissolved, and the cause dismissed at plaintiff's cost.

The ground alleged for injunction was that the judgment sought be enjoined was rendered by the justice upon the identical cause of action that had been adjudicated between the same parties by said justice at a former date and final judgment rendered for appellant. No controversy exists as to the facts, which show that the Coca Cola Company instituted suit in the justice court to recover of the St. Louis, Iron Mountain & Southern Railway Company the value of a barrel of coca cola which was alleged to have been lost by the said railway company in shipment, the value being less than $20. On a hearing of the cause final judgment was rendered in favor of the railway company and against the Coca Cola Company. It was shown that this suit was based on a sworn account, which the justice thought not proper evidence, and, plaintiff offering no other testimony, judgment was rendered for the defendant. Subsequently the Coca Cola Company brought suit against the said railway company on the identical cause of action before the same justice. The railway company interposed as a defense, among other things, the former judgment. On final hearing the said court disregarded said plea, and rendered judgment in favor of the Coca Cola Company and against the railway company. It is the execution of this last mentioned judgment that is sought to be enjoined.

The question decisive of this appeal is, whether an injunction will lie under the facts stated? It is settled in this State that an injunction will not issue to restrain the execution of a judgment rendered by a justice of the peace—it being final and not appealable under the statute—where the justice had jurisdiction and the object of the suit is for the purpose of reviewing his action. Odom v. McMahan, 67 Texas, 292; Railway Co. v. Dowe, 70 Texas, 1.

The plea of res adjudicata having been interposed in the second suit, the justice had jurisdiction to determine the issue thus raised, and having done so, it matters not how erroneous his decision, it was final under the statute, the amount in controversy and the amount of the judgment being less than $20. The court having jurisdiction to try and determine the issue, the appellant is without remedy, and was not entitled to redress by injunction. The judgment herein is therefore affirmed.

*Affirmed.*

Writ of error refused.