HOUSTON & T. C. R. CO. v. YOUNG et al.

(Court of Civil Appeals of Texas. Galveston. April 4, 1911. Rehearing Denied May 25, 1911.)

1. JUSTICES OF THE PEACE (§ 128*)—JUDGMENT VOID FOR WANT OF JURISDICTION—INJUNCTION.

Where no appeal lies from a judgment of a justice of the peace because of the amount involved, if the judgment is void, the district court may by injunction restrain the collection thereof; but if it was merely erroneous, it is beyond the power of the district court to right such wrong.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 402; Dec. Dig. § 128.*]

2. JUSTICES OF THE PEACE (§ 128*) — JUDGMENT — JURISDICTION — RAILROAD COMMISSION.

Rev. St. 1895, art. 4564, providing that the rates prescribed by the Railroad Commission shall be conclusive and deemed reasonable until found otherwise, does not affect the jurisdiction of the justice court, but only serves to show error in the judgment, where it fixes a different rate from that fixed by the Railroad Commission.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 128.*]

3. JUSTICES OF THE PEACE (§ 128*) — JUDGMENT VOID FOR WANT OF JURISDICTION—INJUNCTION.

Where a justice of the peace rendered judgment fixing a different rate than that allowed by the Railroad Commission, and there was nothing to show that he did not have jurisdiction of the parties and of the subject-matter, while grossly erroneous, it was not void, so as to authorize an injunction to enjoin collection thereof.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 402; Dec. Dig. § 128.*]

Appeal from District Court, Waller County; Wells Thompson, Judge.

Action by T. M. Young and others against Houston & Texas Central Railroad Company. Plaintiff Young had a judgment in a justice court, and defendant pleaded a petition to restrain collection of the judgment. From an order sustaining a demurrer and exceptions to the petition, and dismissing the petition, defendant appeals. Affirmed.

Jno. T. Garrison and W. B. Garrett, for appellant.

REESE, J. T. M. Young recovered a judgment in the justice's court against the Houston & Texas Central Railroad Company for $14, which was the amount sued for, as alleged overcharge of freight on a car load of melons from Pointer's Switch, on the western branch of the Houston & Texas Central Railroad, to Houston. In the justice's court the defendant interposed as a defense that the freight charged was the regular rate prescribed by the Railroad Commission of Texas. The plaintiff had judgment, and, execution having issued and being about to be levied upon defendant's personal property, defendant brought this suit against the plaintiff Young and the constable, in whose hands the

execution had been placed, to enjoin the levy of the execution and the enforcement of the judgment, on the ground that the judgment was void. Temporary injunction was issued, and on final hearing in the district court the court sustained a general demurrer and special exceptions to the petition, and dismissed the suit, from which the plaintiff prosecutes this appeal.

Only two assignments of error are made, which present the general proposition of the error of the trial court in sustaining the general demurrer and the special exceptions, which latter is, in substance and effect, a general demurrer.

The petition alleges the institution of the suit in the justice's court, that appellant interposed in defense thereto that the rate charged was the regular freight rate prescribed by the Railroad Commission of Texas, in force at the date of the alleged shipment, and that it would have been a violation of law and the regulations of the Commission for appellant to have charged a less rate than that charged and collected. The recovery of the judgment for $14 debt and $3.90 costs is alleged, and the issuance and threatened levy of the execution. After averments setting out in full the provisions of the law with regard to the powers and duties of the Railroad Commission, and that it had, in pursuance thereof, fixed the rate on lemons from Pointer's Switch to Houston at 12½ cents per 100 pounds, being the rate charged and collected, and setting out in full articles 4564 and 4576, Rev. St. 1895, the petition further avers:

"This plaintiff would further show that it had and presented a complete, lawful defense to said cause in said justice court to the suit of the defendant T. M. Young, said defense being that the rate charged in said shipment was the true and lawful rate prescribed by and promulgated under the exclusive authority of the Railroad Commission of the state of Texas, and that the plaintiff herein, the railroad company, was not authorized or permitted to charge or collect a less rate on said shipment, and that the justice court had no authority to pass on the reasonableness of said rate, nor to determine what said rate should be. That the testimony before said justice court showed without controversy or dispute that the rate charged and collected by the railroad company on said shipment was the Railroad Commission rate, as prescribed and published by its authority, but that, regardless of said defense and the undisputed testimony, judgment was rendered in said justice court against the railroad company, as hereinbefore stated. That the judgment rendered in said justice court was for $14, as aforesaid, and being under $20 was not appealable. That said defendant A. C. Brown, constable aforesaid, under direction of the defendant T. M. Young, his agent or attorney, will levy said execution upon and sell property belonging to plaintiff in the enforcement of said void judgment aforesaid, unless restrained by this court. Wherefore, the premises considered, the plaintiff herein prays that your honor grant and award the issuance of a writ of injunction, restraining the defendants herein, T. M. Young and A. C. Brown, constable aforesaid, from levying said execution issued on said judgment upon and offering for sale the property of this plaintiff, and enjoining and restraining the said defendant T. M. Young from trying to enforce the collection of said judgment, and that the said judgment rendered by the justice of the peace on the 5th day of September, 1908, in the justice court of precinct No. 1 of Waller county, the same being No. 806 on the docket of said court, against this plaintiff for the sum of $14 and $3.90 costs, be declared null and void and of no force and effect, and that upon final hearing that this plaintiff be given judgment herein perpetuating said injunction, and for its costs, and for general and special relief."

The contention presented by the several propositions under the assignments of error is that, the Railroad Commission having prescribed the rate, which, under the provisions of the statute (article 4564, R. S.), shall be held conclusive and deemed and accepted as reasonable until finally found otherwise in a proceeding provided by the statute, the justice court was without jurisdiction to determine otherwise, and that its judgment is void.

[1] There was no appeal from the judgment of the justice court under the Constitution and the statute, and it is settled law that if the judgment is void the district court had jurisdiction by the writ of injunction to restrain any proceedings to collect it. Railway v. Rawlins, 80 Tex. 579, 16 S. W. 430. If, however, the judgment was merely erroneous, no matter how gross the error, or how palpably violative of the legal rights of the aggrieved party, unless void for fraud (which is not alleged) or for want of jurisdiction over the subject-matter or the person of the defendant, or some other reason going to the legal power of the court to render the judgment, it is beyond the power of the district court to right the wrong committed under the forms of law. Such is the result of the plain provision of the Constitution and the statute.

Whether the justice court held, as a basis for its judgment, that the rate charged was unreasonable, does not appear from the petition, nor is the evidence introduced on this issue set out in the petition. The only allegation is that the testimony before the justice of the peace "showed, without controversy or dispute, that the rate charged and collected by the railroad company was the Railroad Commission rate," and that, regardless of said defense and the undisputed testimony, the judgment was rendered. The following definition of a void judgment is taken from a standard authority on the subject,

and is universally accepted as correct: "Now a 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever; it has no effect as a lien upon his property; it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title, nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But, whenever it is brought up against the party, he may assail its pretentions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." 1 Black on Judgments, § 170.

Assuming that the allegations of the petition are true, as must be done in disposing of the demurrers, if the entire evidence on this issue in the justice court had been set out in the petition, instead of the legal conclusion therefrom that it showed the facts contended for without controversy or dispute, and it appeared from such evidence that no issue of fact was presented, but that the undisputed evidence disclosed the existence of all the facts set up by appellant in its defense in the justice court, those facts would not have presented a case of a judgment void for want of jurisdiction, or otherwise, but only of one grossly erroneous, whether arising from error of law on the part of the justice of the peace, or a willful violation of the plain provisions of the law as to the rights of the parties. In neither case would such judgment be void, unless, indeed, upon an express charge of fraud. This court is called upon nearly every day to reverse judgments of the trial court, and render judgment here on the ground that the judgment is against the undisputed evidence, and frequently does so. Of course, such cases do not present such gross error as is disclosed by the allegations of the petition, but the difference is in degree, and not in kind.

[2] The provisions of article 4564, R. S., do not affect the *jurisdiction* of the justice court, but only serve to show the error in the judgment. In the case of Jennings v. Shiner, cited by appellant, 43 S. W. 276, it was held that where the justice court disregarded a proper plea of privilege interposed by the defendant to be sued in the county and precinct of his residence, and ignored the evidence in support thereof, the judgment would be void; but such decision is placed on the ground that the court had not acquired jurisdiction of the person of the defendant. Although this ruling was cited and seemingly approved in Coca-Cola Co. v. Allison, 52 Tex. Civ. App. 54, 113 S. W. 309, we doubt the correctness of the doctrine announced. But, if correct, the cases are not authority for the proposition presented in this case, where there was no question made that the justice court had acquired jurisdiction of the person, and had jurisdiction of the subject-matter.

[3] In our opinion the judgment, under the allegations of the petition, while undoubtedly grossly erroneous, was not void, and the district court did not err in sustaining the exceptions to the petition, which presents no other ground entitling appellant to relief. Railway Co. v. Dowe, 70 Tex. 1, 6 S. W. 790; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; Clayton v. Hart, 88 Tex. 595, 32 S. W. 876; St. L., I. M. & So. Ry. Co. v. Coca-Cola Co., 32 Tex. Civ. App. 611, 75 S. W. 563. Upon what ground the justice of the peace based the judgment, we are unable to determine; but that the justice court had jurisdiction of the parties and of the subject-matter, and that nothing is alleged to show want of jurisdiction to try the case and to render the judgment referred to, is, we think, clear.

We find no error in the record, and the judgment is affirmed.

Affirmed.