FLOW v. GALVESTON, H. & S. A. RY. CO.

(Court of Civil Appeals of Texas. El Paso. June 6, 1912. Rehearing Denied Oct. 9, 1912.)

1. JUSTICES OF THE PEACE (§ 128*)—JUDGMENT — EQUITABLE RELIEF—PROCEEDINGS—ALLEGATIONS OF FRAUD.

The petition alleged that plaintiff had been sued by defendant in justice's court for $19 for damages to defendant's automobile, that plaintiff herein had defended the suit, and that the justice knew that the law was with plaintiff upon all of the issues, but notwithstanding such facts, arbitrarily and capriciously, in defiance of law, and without regard to plaintiff's rights, rendered judgment against plaintiff for the sum of $19 and costs, and that, by reason of such arbitrary and capricious action of the justice, plaintiff was, in effect, denied its day in court and was denied a hearing of its defense, such as the law contemplates; that the result of enforcing the judgment, if not enjoined, would be to take its property without due process of law. Held, that the petition did not sufficiently allege fraud or other ground of equitable relief so as to authorize the enjoining of the enforcement of the justice's judgment, though it was not appealable because of the amount involved.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

2. JUSTICES OF THE PEACE (§ 128*)—JUDGMENT — EQUITABLE RELIEF — GROUNDS — FRAUD.

The district court has no power to enjoin the enforcement of a justice's judgment in a nonappealable case, unless it was obtained by fraud, accident, or mistake.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 402–407; Dec. Dig. § 128.*]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Suit by the Galveston, Harrisburg & San Antonio Railway Company against W. P. Flow. From a decree for plaintiff, defendant appeals. Reversed and rendered.

See, also, 147 S. W. 679.

J. C. Brooke, of Alpine, for appellant. Baker, Botts, Parker & Garwood, of Houston, W. B. Teagarden, of San Antonio, and W. Van Sickle, of Alpine, for appellee.

McKENZIE, J. Upon a former day of this term this appeal was dismissed because the judgment entry did not show a final judgment as to all the parties to the suit. Appellant has filed an agreed motion to reinstate the appeal, which motion, among other things, contained a prayer for certiorari to perfect the record in the appeal. This court on a former day granted the motion to reinstate, and caused the writ of certiorari to issue, and the record has been duly perfected and the cause is now before us for consideration upon its merits.

The suit was instituted in the district court of Brewster county by the appellee against W. P. Flow, W. H. Ragen, and J. A. Walton to restrain a sale of certain property which was levied upon as under execution which issued from the justice court, precinct No. 1, Brewster county. W. P. Flow was the plaintiff in the justice court, W. H. Ragen was the justice of the peace of said justice court, and J. A. Walton was the sheriff of Brewster county. It is alleged in appellee's petition: That on May 10, 1911, defendant Flow filed suit in justice court, precinct No. 1, against appellee to recover $19 for damages to an automobile belonging to the appellant. The damages it was alleged were

caused by the negligence of the appellee. That on May 22, 1911, said cause coming on for trial in the justice court, the appellee, who was defendant in the justice court, appeared and answered in said justice court, and defended as against said suit. Upon hearing of said cause in the justice court, judgment was rendered and entered against it for the sum of $19, which was the amount sued for. It does not appear from the record in the case that appellee made motion for new trial. In due time execution issued out of said justice court upon said judgment so recovered by the said Flow, which execution was placed in the hands of the sheriff, and the sheriff thereupon in due time levied upon the property belonging to the appellee. In its petition appellee set out the grounds of its defense which it urged against the plaintiff's recovery, and set out the evidence which was introduced in the trial of the case in the justice court, and further alleged as follows: "And your petitioner further shows: That at said trial its attorney fully and fairly presented said contentions to the court, and presented the authorities to sustain them, and informed the court, and the court was informed of and knew the law governing the issues involved in the case, and knew that the law was with the defendant upon all said issues, and that defendant was entitled to judgment that plaintiff take nothing by the suit, and that defendant go hence without day with its costs, but, notwithstanding said undisputed facts and conditions, and notwithstanding the said W. H. Ragen, justice of the peace, was so informed of and knew the law governing said issues, and that plaintiff was not entitled to recover, he nevertheless arbitrarily and capriciously, in defiance of the law, and without regard for defendant's rights, rendered and entered up judgment in said cause for plaintiff, Flow, for the said sum of $19 and all costs of suit, which costs amount to the additional sum of $3.50, the said principal judgment being for actual damages to the machine $5, and for exemplary damages $14. "(3) That, by reason of the said arbitrary and capricious action of said justice of the peace, defendant was in effect denied its day in court, and was denied a hearing of its defenses, such as the law contemplates, and the result of the trial and enforcement of said judgment, if it be not enjoined, is to take your petitioner's property without due process of law, and to deny it the equal protection of the law, in violation of the state and federal Constitutions. (4) Your petitioner respectfully shows to the court that it has an ample and sufficient defense to said cause of action, as hereinbefore set out, and that as a matter of law the said Flow is not entitled to recover anything whatever on said cause of action, under the conceded and undisputed facts, which are as hereinbefore set out."

The defendants answered by general demurrer and motion to dissolve the injunction.

At a regular term of the district court, the case came on for trial, the general demurrer was overruled, and the motion for dissolution of the injunction denied. The defendants refused to make further defense, and, upon hearing, judgment was entered for appellee "perpetually enjoining the defendants from enforcing or collecting, or attempting to enforce or collect, the judgment of $19 and costs of suit rendered by said justice of the peace on May 22, 1911."

Appellant's first assignment of error complains of the action of the district court in overruling the general demurrer. The only question which we think necessary to consider for a proper disposition of this case is the action of the trial court in overruling the general demurrer. It appears from the petition that the original suit in the justice court was for an amount less than $20, and, under the law, no appeal would lie from the judgment which was entered in said cause.

[1] In the petition it is alleged that the justice of the peace upon the trial of the cause "arbitrarily and capriciously, and in defiance of the law, and without regard for defendant's rights, rendered and entered up judgment in said cause for plaintiff, Flow." We are of the opinion that the allegations in the petition are insufficient to charge fraud or to impute fraud. On the other hand, it affirmatively appears that no accident or mistake occurred which caused verdict to be rendered for plaintiff. The appellee, having appeared and answered, and made its defenses, had its day in court.

[2] The law is settled in this state that the district court has no power to grant an injunction to enjoin the enforcement of a judgment of a justice in a case where no appeal lies from the justice's judgment, save where it is made to appear that the judgment was obtained by fraud, accident, mistake, or ignorance. G. H. & S. A. Ry. Co. v. Dowe et al., 70 Tex. 1, 6 S. W. 790; Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; St. L., I. M. & L. Ry. Co. v. Coca-Cola Co., 32 Tex. Civ. App. 611, 75 S. W. 563; Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876. We quote with approval the language of the court in G., H. & S. A. Ry. Co. v. Dowe et al., supra, as decisive of the case at bar: "If a defendant might have had his day in court, and by his own negligence failed to appear, or if he had had a trial that resulted adversely to him, no reason can be given why he should have another trial in another court, or why another court should interfere to review the proceedings or arrest the judgment where no appeal is allowed by law. The justice court has a special and exclusive jurisdiction under the Constitution, independent of all other courts; and no other court can interfere with its proceedings, to grant new trials, or to prevent the enforcement of its judgments, or to review its trials, except as provided by law on appeal; and, where no appeal is allowed, its judgments are final and conclusive, save

·where it is made to appear that by accident, fraud, mistake, or ignorance such a wrong has been done as would authorize the prevention of the wrong if committed by any ·other court. It has the right to grant new trials, and, if it refuses to do so, another ·court cannot invade its jurisdiction, and grant a new trial for it. In the petition for injunction in this case by the company, the ·wrong complained of was cognizable by the justice court, was considered and decided by the court, and because there was error in :the proceedings, and an illegal conclusion reached by the judgment, the district court was asked to grant an injunction to set aside the judgments, and perpetually enjoin their ·enforcement. No new trial was asked in the justice court, but if there had been, and it had been refused (as it doubtless would ·have been), the judgments could not be reviewed in the district court any more by injunction than appeal. No ground is set up ·in the petition that would warrant injunction, and it would be as well to complain that no appeal was allowed by law as that the injunction could not be granted. The district courts cannot give to themselves a jurisdiction to review the errors of inferior courts, and so add to their jurisdiction powers not ·granted by the Constitution. Taking the allegations of plaintiff's petition as true, there was evidently injustice done the appellant, but it was such as could have been reme-·died by the justice upon motion for new trial, and by him alone." It appears from the allegations in the petition that appellee had its ·day in court. The petition fails to set up ·any ground for injunctive relief. We are of the opinion that the district court should have sustained the general demurrer.

For the reasons indicated, the judgment of the district court is reversed and here rendered for appellant.

Reversed and rendered.