PYE et al. v. WYATT.

(Court of Civil Appeals of Texas. Galveston. Nov. 2, 1912.)

1. JUSTICES OF THE PEACE (§ 135*)—JUDGMENTS—INJUNCTION.

To warrant injunction against enforcement of a judgment of a justice of the peace, it must be wholly void for want of jurisdiction and not merely erroneous.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

2. PLEADING (§ 8*)—CONCLUSIONS.

In a suit to enjoin collection of a judgment recovered in the justice court, averments that it was void, and that the justice of the peace had no jurisdiction over the subject-matter of the suit or the person of plaintiff, are purely legal conclusions, and are not such averments of facts to warrant the granting of an injunction on the ground of invalidity for want of jurisdiction.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

3. JUSTICES OF THE PEACE (§ 135*)—JUDGMENT—RESTRAINING ENFORCEMENT—PRIVILEGE AS TO VENUE.

That a judgment in the justice's court was recovered against plaintiff in a district other than that in which he was properly entitled to

be sued will warrant its being enjoined, for the privilege to be sued in a given district is a matter a party is required to plead and prove and the determination of which will not affect the validity of the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

**4. COURTS (§ 120*) — AMOUNT IN CONTROVERSY.**

Where the amount in controversy in an action in the justice court was less than $20, the judgment cannot be corrected by injunction in the district court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436; Dec. Dig. § 120.*]

**5. JUSTICES OF THE PEACE (§ 106*)—PRACTICE—NONSUIT.**

Under Rev. St. 1895, art. 1301, providing that when the case is tried by the judge a party may take a nonsuit at any time before the decision is announced, and article 1677, providing that the same mode of procedure shall apply to justice's courts, a party may take a nonsuit after the justice has announced what his decision will be and before formal judgment is rendered.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 349, 350; Dec. Dig. § 106.*]

**6. JUSTICES OF THE PEACE (§ 135*)—JUDGMENT—NONSUIT.**

In an action to enjoin the judgment recovered in justice court on the ground that defendant had been defeated in a previous action where a judgment of nonsuit had been entered, an allegation that the justice in the first action stated that he would be compelled to render judgment for the defendant is not equivalent to an allegation that judgment had been announced so that no nonsuit could be taken.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447; Dec. Dig. § 135.*]

**7. JUDGMENT (§ 948*)—CONCLUSIVENESS—NECESSITY OF PLEADING.**

Res adjudicata must be pleaded and proven, and a judgment recovered after plaintiff had been defeated in a previous action is not void where that defense has not been proven and pleaded.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1794; Dec. Dig. § 948.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Suit by W. C. Wyatt against B. F. Pye and others. From an order granting a temporary injunction, defendants appeal. Reversed and rendered.

REESE, J. This is an appeal from an order of the district judge granting a temporary injunction. There are no briefs nor assignments of error in the record, which contains only the petition and answer, the order of the judge, and the appeal bond. The petition presents, in substance, the following material facts as grounds for the injunction: S. Beck, who is made defendant in the injunction proceeding, instituted suit in the justice's court (in which precinct or county is not stated) on April 16th (year not stated). The defendant B. F. Pye was the attorney of Beck. It appears that the plaintiff's cause of action in said suit was an assignment of wages by an employé of Wyatt to Beck. This cause came on for trial on June 12th (year not stated). Quoting from the petition: "And after the justice of the peace, J. B. Synnott, had heard the evidence and argument of counsel on the following day, the 13th day of June, he informed the defendant B. F. Pye that he would be compelled to render judgment for the defendant; that as soon as the defendant Pye found what the judgment of the court would be, later in the day, he, without warrant of law, justice, or right, had the said justice of the peace to enter a nonsuit in said case, and then afterwards in order to harass this plaintiff and to obtain an advantage over him, filed the suit in Galveston county, in the city of Galveston, in the justice court of precinct No. 1, which had no jurisdiction either of the subject-matter or of the parties, and no jurisdiction was alleged or proven, and obtained the void judgment out of which this execution had been issued. Plaintiff shows: That this subject-matter was fully litigated and tried in J. B. Synnott's court, and by all the canons of right and justice and law a judgment should have been rendered and in fact was given in favor of plaintiff, but, as aforesaid, it was not entered up, and instead a judgment of nonsuit was entered after the defendant Pye discovered that he could not recover. That the suit in Galveston county was brought without any color of right, and that the court had no jurisdiction over either the subject-matter or the parties, and plaintiff, believing that the said matter had been settled in J. B. Synnott's court, and further knowing that said Galveston justice court had no jurisdiction over him or the subject-matter, was ignorant of the fact that any judgment was rendered against him, and that any execution had been issued, and believed that the vexatious matter had been dropped. That the conduct of defendant B. F. Pye is most reprehensible and outrageous in filing said suit in Galveston county, and, when the smallness of the sum is considered, the judgment being only for $11.20, this plaintiff believes that said suit was done for the purpose of annoying and harassing him, and has injected loss and damages on him by reason of his acts." An execution was issued on this judgment rendered by the justice court of Galveston county and placed in the hands of A. W. Land, constable of precinct No. 1 (county not stated), who, at the instigation of the said Beck and Pye, was about to levy the same upon the property of appellee, and injunction is prayed for to restrain him from doing so, and also to restrain Beck and his attorney, Pye, from recovering. Upon presentation of the petition to the district judge a temporary writ was ordered to issue. The defendants appeal from this order.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] The right of appellee to the writ depends upon whether or not the judgment was void, and this depends upon whether or not the justice's court had jurisdiction of the subject-matter of the suit and of the defendant Wyatt at the time of the rendition of the judgment. If the judgment was merely erroneous, appellee cannot have it corrected through the means of an injunction in the district court.

[2] It is true that the general statement is made in the petition that the judgment is void, and that the justice of the peace had no jurisdiction of the subject-matter of the suit, nor of the person of appellee; but these are purely legal conclusions. The amount in controversy, upon which the jurisdiction of the justice's court depends, is not shown, nor is there any statement of facts tending in the remotest degree to show that the justice's court did not have jurisdiction of the person of appellee, and authority to render the judgment, by proper legal service of citation upon him, or regular appearance by him. Such general allegations of purely legal conclusions as to essential facts in a petition for injunction cannot be considered as statements of facts.

It is stated that the judgment was rendered, and it cannot be impeached in this way. We might conclude by inference from the amount of the judgment—$11—and the fact that it is the same subject-matter that was litigated in Justice Synnott's court, that the matter in controversy was within the jurisdiction of the justice's court, and, in the absence of any allegation in the remotest degree tending to show that appellee had no proper legal notice of the suit, it might be presumed from the mere rendition of the judgment that the court had acquired jurisdiction of his person. It is alleged that appellee is now—that is, at the time of the filing of the suit—a resident of Jefferson county; but there is no allegation that he was not a resident of precinct No. 1, Galveston county, at the time that suit was instituted.

[3] It would not, however, have made any difference if appellant had been at that time a resident of Jefferson county, and properly suable only in the precinct of his residence there. This would have been a matter of personal privilege which he was required to plead and prove in that court, and if he failed to do so, or if he did so and his plea was overruled, this would not have affected the validity of the judgment. It would only have rendered it erroneous and subject to revision on appeal.

[4] If the amount thus in controversy was less than $20, such error could not be corrected by injunction in the district court. H. & T. C. Ry. Co. v. Young, 137 S. W. 380.

[5, 6] If reliance is placed upon the facts alleged with regard to the previous action in Justice Synnott's court, that cannot help appellee. We gather from the allegations of the petition that the nonsuit was taken by the plaintiff Beck before the decision of the justice was announced. R. S. 1301; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427. The information given by the justice to Beck's attorney, Pye, "that he would be compelled to render judgment for the defendant," as alleged in the petition, cannot be taken as an allegation, or as intended as an allegation, that the decision had been announced before the nonsuit was taken. It is further stated "that, as soon as the defendant Pye found what the judgment would be," he later in the day had the justice enter a nonsuit. It is not alleged that any objection was made thereto. From the allegations of the petition it appears that the defendant Beck was strictly within his rights when he took the nonsuit, and had the cause dismissed. This was not a bar to another action. Foster v. Wells, 4 Tex. 101. The statute cited relates to the practice in the district and county courts, but by article 1677, R. S., is made applicable to justice's courts as well.

[7] But if the facts alleged had shown that the nonsuit was taken too late, and after a judgment had been announced in favor of the plaintiff, appellee Wyatt, and so the matter was res adjudicata, still this would have been a defense that the defendant would have been required to set up, in the action in Galveston county, and cannot be made the ground of an indirect appeal by way of injunction, in the absence of allegation of fraud, or that appellee was prevented, through no fault of his own, from making the defense. It is true that it is alleged that the appellant Beck had no cause of action against appellee, that he had a good defense to the action, and there is a general charge that the action of appellant Pye, as attorney for Beck, in bringing the second suit in Galveston county, was outrageous; but these facts do not tend to show that the judgment was void. Appellant Beck may be a loan-shark, as alleged, a creature against whom there is a well-grounded and universal prejudice; but that does not affect the validity of the judgment. H. & T. C. Ry. Co. v. Young, supra. The petition presented no grounds for the issuance of the writ of injunction, and the district judge erred in not so holding.

The order granting the writ is vacated, and the temporary writ is dissolved. Cariker v. Dill, 140 S. W. 845; Railway Co. v. Lunn, 141 S. W. 538; Beaty v. Goggan, 131 S. W. 631; Hudson v. Smith, 133 S. W. 487.