### COX, Inc., v. KNIGHT et ux.

### No. 11304.

Court of Civil Appeals of Texas. Dallas.
May 18, 1932.

W. J. Rutledge, Jr., of Dallas, for appellant.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellees.

LOONEY, J.

Epps G. Knight and wife, Fannie L. Knight, on March 16, 1932, filed forcible detainer proceedings against Cox, Inc., in a justice court of precinct No. 1 of Dallas county, for restitution of a certain business lot and improvements located at 317–325 North St. Paul street, city of Dallas; although improperly cited, defendant appeared and answered the suit, which was tried March 31, 1931, resulting in a jury verdict finding defendant not guilty, and judgment followed accordingly. Plaintiffs gave notice of appeal in open court, perfected same, and a transcript, together with the original papers, was filed by the justice of the peace with the clerk of the county court before the first day of the first succeeding term of said court, which convened April 4, 1932. On April 6, 1932, the court rendered judgment against defendant, the material recitals that constitute its justification are these: "On this the 6th day of April, 1932, this cause having been called regularly for trial, came regularly on to be heard, and came the plaintiffs by their attorneys, and announced ready for trial, etc. * * * It further appearing that the defendant has failed to enter an appearance upon the docket of this Court on appearance day and before the case was called regularly for trial. Wherefore, it appears that the facts alleged in the complaint herein should be taken as admitted and that judgment by default should be ordered and entered. It is therefore ordered, adjudged and decreed that the defendant Cox, Inc., is guilty of forcible detainer of the premises described in the complaint herein and hereinafter described, and it is further ordered, adjudged and decreed that plaintiff, Epps G. Knight and Fannie L. Knight, have restitution for which let writ issue against the premises described in the complaint herein, to-wit (here follows description of the premises in question) * * * and further that plaintiffs do have and recover of and from the said defendant all costs of suit herein, for which execution may issue."

Thereafter, plaintiffs procured the issuance of a writ of restitution and placed same for execution in the hands of Hal Hood, sheriff of Dallas county, who was proceeding to execute same when defendant, on May 4, 1932, during same term of court, filed in the cause its motion for a new trial, which was also denominated by defendant a bill of review, to set aside, cancel, and hold for naught the judgment by default rendered on April 6, 1932. The motion is quite lengthy, but, as we view the case, it is not necessary to set out its contents at length, or to pass upon its legal sufficiency, although, for the sake of the discussion, it may be conceded that good grounds are alleged for a new trial, or, if the pleading is treated as a bill of review, that it states a cause of action good as against general demurrer. The prayer of defendant is: "Wherefore, premises considered, this defendant prays that this Court consider this petition not only as a motion for a new trial, but also as a bill of review of the judgment

and proceedings had herein; that this Court set aside, vacate and hold for naught the judgment entered on April 6, 1932, herein; that because of the lack of jurisdiction this cause be dismissed from the docket of this Court; that in the alternative, if this Court shall hold that it has jurisdiction to hear and determine this cause, that the matters of fact herein alleged be determined by this Court upon evidence which this defendant will produce and here offers; that the judgment herein entered on April 6, 1932, be reviewed and, after a hearing, that such judgment be vacated, set aside and held for naught; that the process which has heretofore issued on such judgment, and which is now in the hands of Hal Hood, Sheriff of Dallas County, Texas, be recalled pending final action of such judgment herein; that the said Sheriff be restrained from proceeding further with the enforcement of such judgment pending the final action of the Court herein; and that this defendant have all such other and further relief, general and special, in law and in equity, as the Court may deem proper."

When the petition was presented to the county judge, the following order was indorsed thereon: "Upon consideration of the above application it is ordered, that upon applicants entering into a bond in the penal sum of $500.00 a temporary injunction will issue restraining the parties complained of from doing the things complained of; said temporary injunction to remain in force until the conclusion of the hearing on the 7th day of May 1932 at 9 o'clock A. M. or the further order of this Court."

The bond required by the order of the judge was given by defendant, and is: "Conditioned that the complainant will abide the decision which may be made therein, and that it will pay all sums of money and costs that may be made therein, and that it will pay all sums of money and costs that may be adjudged against it if the injunction be dissolved in whole or in part."

Plaintiffs filed an answer to defendant's motion, to which defendant replied by supplemental motion. The motion and answer came on for hearing May 7, 1932, hearing suspended and concluded May 12, 1932, resulting in an order overruling defendant's motion, in the following language: "It is accordingly ordered, adjudged and decreed that the defendant's said motion for a new trial is overruled, and that the temporary injunction granted herein on May 4, 1932, restraining Hal Hood, Sheriff of Dallas County, Texas, from executing the writ of restitution which has heretofore issued herein, is hereby dissolved. To which action of the Court the defendant in open Court duly excepted and gave notice of appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, at Dallas."

All these proceedings were had during the same term of court at which the judgment by default was rendered. In this status, defendant, now appellant, made application to this court for injunctive relief, alleging that it is about to be ousted from the premises under the erroneous order of the trial court, and, unless restrained, the sheriff will execute the writ of restitution ejecting defendant and inflicting upon it irreparable damages, etc., praying "that a restraining order issue against Hal Hood, Sheriff of Dallas County, enjoining him from proceeding further under such writ of restitution until after said cause has been considered and determined by this court and proper order thereon entered herein."

Appellant's contention in support of the application is summed up in the following excerpt from the written argument filed by counsel, he says:

"In this case the appellant after default judgment had been rendered against it after the statutory time for filing a motion for new trial had expired, and after a writ of restitution on such default judgment had been placed in the hands of the Sheriff for execution, filed a bill of review in the County Court seeking to set aside the judgment entered in said cause as a void judgment and as one which had been irregularly entered, and in such bill of review tendered every issue in the case seeking to show not only a sufficient legal and equitable ground for the failure of defendant to present its defense in the cause, but also every issue constituting its defense to plaintiff's case, and in said bill of review defendant demanded a trial by jury. The trial court elected to consider the pleading filed as a motion for new trial, and denied the right to trial by jury upon the issues of fact raised therein, and although he granted a temporary injunction upon hearing such temporary injunction was dissolved and the motion for new trial overruled. This appeal has been prosecuted from the order of the trial court dissolving the temporary injunction. The status of the parties is that although appellant, as defendant in the trial court, is entitled to prosecute its bill of review, and thereby present its ground for vacating the judgment entered on April 6, 1932, it is in effect denied that right, and the Sheriff of Dallas County, unless restrained by this court from executing the process in his hands, will oust the appellant from the property in controversy before a trial and hearing can be had as provided by law. If permitted to take this course the sheriff will by his act render all issues raised in this controversy moot, and thereby deprive the defendant of his legal rights and of his day in court."

The statute regulating judgments by default in forcible entry and detainer cases is article 3991 (3961) (2539) (2460), and reads:

918

"If the defendant fails to enter an appearance upon the docket of the county court on appearance day, and before the case is called regularly for trial, the facts alleged in the complaint may be taken as admitted and judgment by default may be entered accordingly."

 Appellant having failed to comply with the statute, the court acted clearly within its legal authority in rendering judgment by default on April 6th, and although the motion by appellant, denominated both as a motion for new trial and bill of review, was not filed within the statutory period for filing, and for that reason it was discretionary with trial court to entertain or refuse to entertain it, however, the motion was entertained and acted upon as though filed in time. The motion being filed before adjournment of the term, it could only perform the functions of and be considered a motion for new trial, and it was properly so considered and acted upon by the trial court. A bill of review does not lie during the term at which the judgment sought to be reviewed is rendered, for until the term ends a motion for new trial is the only instrument provided to reach a vice in the judgment, and this without regard to the grounds relied upon. If a litigant fails to avail himself of this legal remedy and fails to show a good excuse, for such failure, a bill of review will not lie at all.

Judge Gaines, in Eddleman v. McGlathery, 74 Tex. 280, 11 S. W. 1100, announced the decisive doctrine; he said: "In the view we take of the case, we deem it unnecessary to discuss the contents of the motion for a new trial. The judgment of dismissal at the former term was a final judgment, and it is a well-settled rule of practice in this state that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court. Rogers v. Watrous, 8 Tex. 62 [58 Am. Dec. 100]; Metzger v. Wendler, 35 Tex. 378. In Overton v. Blum, 50 Tex. 417, it is said 'that, although the contrary might be inferred from some of the earlier decisions, it must now be regarded as settled that a new trial is never in fact granted after the adjournment of the term of the court at which the judgment is rendered, no matter what are the grounds urged in support of the application.' Where a party has been prevented by fraud, accident, or mistake from prosecuting his suit or making his defense, and an opportunity has not been offered him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation upon its merits. But in every such case the new suit has all the incidents of an original action, and, upon every issue involved, either party is entitled to a regular trial before a jury upon testimony offered in the manner usual upon the hearing of causes upon their merits. A motion for a new trial, on the contrary, does not involve a trial upon the merits of the case, further than that the applicant must show prima facie that he has merits; and it is properly disposed of in a summary manner either upon the face of the record, or upon affidavits of the parties and of their supporting witnesses."

To the same effect see Lightfoot v. Wilson, 11 Tex. Civ. App. 151, 32 S. W. 331; Moore v. Snowball, 98 Tex. 40, 41, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596 (stating the rule); Gehret v. Hetkes (Tex. Com. App.) 36 S.W.(2d) 700; Caperton v. Wanslow, 18 Tex. 125; Ferguson v. Sanders (Tex. Civ. App.) 176 S. W. 782.

 Having been filed during the term the motion was one for a new trial, and can be given no other status, and being overruled ended the litigation, because no right of appeal exists from a judgment of the county court in a forcible detainer case. Article 3992 (3962) (2540) (2461), R. S. 1925, provides that, "the judgment of the county court finally disposing of the cause shall be conclusive of the litigation, and no further appeal shall be allowed, except where the judgment shall be for damages in an amount exceeding one hundred dollars." Also see Rose v. Skiles (Tex. Civ. App.) 245 S. W. 127; Stricklin v. Joslin (Tex. Civ. App.) 7 S.W.(2d) 165. Being without jurisdiction of the case, this court is powerless to enjoin the enforcement of the judgment of the county court. See Pollard v. Speer (Tex. Civ. App.) 207 S. W. 620; Coffman v. National, etc., Co. (Tex. Civ. App.) 26 S.W.(2d) 921; Elliott v. Williams (Tex. Civ. App.) 9 S.W.(2d) 483.

To grant appellant's prayer and enjoin the execution of the judgment of the county court would be, in effect, to permit an appeal in violation of the statute. Odom v. McMahan, 67 Tex. 292, 3 S. W. 286; St. Louis, etc., v. Coca Cola Co., 32 Tex. Civ. App. 611, 75 S. W. 563; Galveston, etc., Co. v. Dowe, 70 Tex. 1, 6 S. W. 790, 793.

 Appellant, however, does not insist that the right of appeal exists from the judgment of the county court in the forcible detainer suit proper, but contends that its motion should be given the effect of a bill of review, and that, having properly perfected appeal (under article 4662, R. S. 1925) from the order dissolving the temporary writ issued to restrain the sheriff pending action on the motion, this court does have jurisdiction to grant the injunctive relief sought.

The vice in this contention is the assumption that the question is within the purview of article 4662. The motion for new trial not having been filed within the statutory time, it was discretionary with the trial court to entertain or disregard the motion, however, the court entertained and set the same for

hearing, and pending the hearing, restrained the sheriff from executing the writ of restitution. The restraining order accomplished precisely the same result that would have been accomplished without a restraining order, had the motion for a new trial been seasonably filed, and was rendered necessary by the exigencies of the situation, was purely an incidental matter, and in no proper sense an injunction within the meaning of the statute regulating appeals in regard to injunction matters, its dissolution would have resulted logically and automatically from the order overruling the motion for a new trial, which left nothing to litigate, and ended the lawsuit, therefore we do not think the order dissolving the order restraining the sheriff, pending hearing on the motion for a new trial, is an appealable order within the meaning of the statute.

Counsel for appellant insists that the decision in Texas, etc., Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671, is directly in point, and sustains the contention that this court has jurisdiction of the appeal. We do not deem it necessary to comment on the case, only to say that a careful reading of the opinion will fail to disclose any real analogy between the question presented and actually decided in that case, and the question under consideration. If language is found in the opinion that can be brought to the support of appellant's position, evidently the same was not necessary to the decision rendered, and therefore is dictum.

The application for injunction is refused.