### HAYES et al. v. BONE.
### No. 2967.

Court of Civil Appeals of Texas. El Paso.
March 8, 1934.

Rehearing Denied March 22, 1934.

T. M. Milam, of Fort Stockton, for appellants.

Millard Parkhurst, of McCamey, for appellee.

HIGGINS, Justice.

Bone brought this suit in the district court of Pecos county against Arthur Hayes, a justice of the peace, and Edna Winston, and another not necessary to mention, to set aside a judgment for $16 theretofore rendered by said justice of the peace in favor of Edna Winston against Bone, and to enjoin the issuance of execution upon such judgment, and for damages in the sum of $620. A temporary injunction was ordered issued as prayed for, from which order this appeal is prosecuted.

Appellee moves to dismiss the appeal because of appellant's failure to file briefs. In appeals from orders of the present nature it is not necessary to file briefs, for which reason the motion is overruled. Article 4662, R. S.; Moore v. Norton (Tex. Civ. App.) 215 S. W. 373.

The appellee has not briefed the case, and, in the absence of assignments of error and briefs by either side, we feel it is not incumbent upon this court to do more than briefly announce its conclusion.

It is variously averred the judgment in favor of Edna Winston is void, but such averments are legal conclusions and not such averments of fact as will warrant enjoining the execution of the judgment upon the ground that it is void. Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086. The facts specifically averred are insufficient to show the judgment to be void. The facts so alleged show the judgment complained of is erroneous, but district courts will not grant injunctions to correct errors of inferior courts in cases where no appeal is allowed. Galveston,

H. & S. A. Ry. Co. v. Dowe, 70 Tex. 1, 6 S. W. 790; Mann v. Brown (Tex. Civ. App.) 201 S. W. 438; Pye v. Wyatt, supra.

We regard the petition as subject to general demurrer for the reason indicated.

Reversed, and judgment here rendered dissolving the temporary injunction.

### On Rehearing.

■■ The petition discloses the following facts:

The suit in the justice court by Edna Winston against Bone was to recover less than $20. Bone filed plea of privilege in due form. Edna Winston filed a controverting affidavit seeking to sustain the venue as laid. The justice set the plea for hearing. Upon the date set counsel for Bone appeared. The plea of privilege was overruled, and judgment upon the merits rendered against Bone for $16 and costs. A copy of the controverting affidavit is attached to and made a part of the petition.

Appellee's theory, as we understand it, is that the controverting affidavit stated no facts which would sustain the venue as laid in the suit in the justice court, for which reason it cannot be considered a controverting affidavit; wherefore the justice had no jurisdiction over Bone, and for want of such jurisdiction the judgment against him is void.

Attention is called to the rule announced in many cases to the effect that, upon the filing of a plea of privilege by a nonresident defendant, the court, in the absence of a controverting affidavit and notice thereof to the defendant, has jurisdiction only to transfer the case to the venue claimed by the defendant. Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, 671; John E. Quarles Co. v. Lee (Tex. Com. App.) 58 S.W.(2d) 77.

Such rule has been followed by this and other Courts of Civil Appeals in many cases unnecessary to mention. The rule is well settled. But where a controverting affidavit has been filed, a date set for the hearing of same, and notice thereof duly given the defendant, the issues of law and fact presented by the plea of privilege and controverting affidavit are properly joined, and the issues so joined are properly before the court for decision. See Craig v. Pittman & Harrison Co., supra, where it was said by Justice Powell that, "when the controverting affidavit is filed, a real issue is joined."

We agree with appellee that the controverting affidavit stated no facts sufficient to sustain the venue as laid, but its legal suffi-

ciency for such purpose was properly before the justice for decision. However erroneous his ruling upon the plea may have been, he had jurisdiction to decide all issues of law and fact arising upon the plea and controverting affidavit, and his ruling is final; the amount in controversy being less than $20. Having final jurisdiction to try and determine the issues presented, the appellee was without a remedy and is not entitled to redress by injunction. Hudson v. Smith, 63 Tex. Civ. App. 412, 133 S. W. 486 (writ refused); St. Louis, I. M. & S. Railway Co. v. Coca Cola Co., 32 Tex. Civ. App. 611, 75 S. W. 563; Pye v. Wyatt (Tex. Civ. App.) 151 S. W. 1086; Houston & T. C. Ry. Co. v. Young (Tex. Civ. App.) 137 S. W. 380.

Attention is called to Jennings v. Shiner (Tex. Civ. App.) 43 S. W. 276, which contains expressions from which it might seem that a mere erroneous ruling by a justice of the peace upon a plea of privilege in a cause over which his jurisdiction is final affords grounds for enjoining the execution of the judgment upon the merits rendered after the plea of privilege had been overruled. These expressions were not necessary to the decision. We regard same as dicta and unsound. Houston & T. C. Ry. Co. v. Young (Tex. Civ. App.) 137 S. W. 380.

We have carefully considered the motion for rehearing, and see no occasion to change our ruling in the case.

The motion is overruled.