### McKINNEY v. TEXAS LIFE INS. CO. et al.
### No. 13046.

Court of Civil Appeals of Texas. Dallas.
Aug. 3, 1940.

Rehearing Denied Oct. 12, 1940.

Ross Huffmaster, of Kaufman, for appellant.

A. D. Mabray, of Waco, for appellees.

LOONEY, Justice.

This appeal is from an order, dissolving a temporary injunction. The material facts are these: On November 28, 1939, F. H. McCown recovered judgment in the Justice Court of Precinct No. 1, McLennan County, Texas, against J. D. McKinney, for the sum of $69.30. No appeal was prosecuted from the judgment. The suit was based upon a promissory note, executed by McKinney, payable to McCown, being the initial premium for a policy issued by Texas Life Insurance

Company, insuring the life of McKinney in the sum of $1,000, McCown being soliciting agent for the Insurance Company. In due time, McCown caused an execution to issue on the judgment; placed same in the hands of the sheriff of Kaufman County, to be levied upon property belonging to McKinney, subject to execution, and it also seems that, later, an alias was issued for the same purpose, and placed in the hands of the constable of Precinct No. 1 of Kaufman County, Texas.

In this situation, McKinney instituted the present proceedings against McCown, the Insurance Company, the Sheriff of Kaufman County, and the Constable of Precinct No. 1, seeking both temporary and permanent injunctive relief, alleging fraud in the procurement of the note sued upon, in that, he was induced to make application for the policy of insurance, to execute the note and accept the policy issued by the Company, because of certain misrepresentations, deceptive and fraudulent practices by McCown, the agent, praying that the policy be canceled (same being tendered in Court for that purpose), and that all claims, demands and charges against him, growing out of or incident to the transactions, be also canceled, and that, upon final hearing, the defendants be perpetually enjoined from exacting, demanding, or claiming anything from plaintiff on account or by reason of the transactions set forth, and that, pending final hearing, plaintiff be granted a temporary writ, enjoining defendants from, in any manner, levying upon any property belonging to the plaintiff, etc.

The court granted a temporary writ, as prayed; thereupon, defendant McCown filed a motion to dissolve, alleging as grounds therefor that, under Art. 4656, R. C.S., and Subd. 17 of Art. 1995, the court below was without either venue of the cause, or jurisdiction of the subject matter; and furthermore that, under the facts alleged, the court was not authorized to grant the writ. The motion to dissolve was sustained, and the writ dissolved, from which, plaintiff appealed. The only question presented for our consideration is, whether the court abused its discretion.

■ We think the district court had jurisdiction of the subject matter. The requirements of Art. 4656, to the effect that, writs granted to stay proceedings in a suit, or execution on a judgment, shall be returned to the court rendering the judg-

ment, or in which the suit is pending, controls both venue and jurisdiction of cases coming within the meaning of the statute. See Honea v. Graham, Tex.Civ.App., 66 S.W.2d 802; Friedrich v. Brand, Tex.Civ. App., 28 S.W.2d 279; Murph v. Bass, Tex. Civ.App., 276 S.W. 767; Long v. Martin, Tex.Civ.App., 260 S.W. 327–331, and Price & Beaird v. Eastland County, etc., Co., Tex.Civ.App., 211 S.W. 478–480. But Art. 4656 has no application whatever to justice courts, being applicable alone to district and county courts. The amount involved being below the jurisdiction of the county court, the district court alone had jurisdiction of the suit to enjoin enforcement of the justice court judgment (see Lyons Bros. Co. v. Corley, Tex.Civ.App., 135 S.W. 603), but the venue, in our opinion, is controlled by Subd. 17 of Art. 1995, R.C.S., providing that: "Suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered or in which such suit is pending." See Foust v. Warren, Tex.Civ.App., 72 S. W. 404.

■ The grounds alleged by plaintiff for equitable relief should have been urged defensively, to the suit on the note in the justice court; this, plaintiff failed to do, but permitted judgment to go against him, and now seeks injunctive relief, as a means of appeal. This, he is forbidden to do. Thacher Medicine Co. v. Trammell, Tex. Civ.App., 279 S.W. 307, 309; Galveston etc., Co. v. Dowe, 70 Tex. 1, 6 S.W. 790; Pye v. Wyatt, Tex.Civ.App., 151 S.W. 1086; Hayes v. Bone, Tex.Civ.App., 69 S.W.2d 180. Plaintiff's petition, in our opinion, failed to allege a cause of action, and for that reason alone, the court did not err in dissolving the writ theretofore erroneously issued. Friedrich v. Brand, Tex.Civ.App., 28 S.W.2d 279, 282; Hayes v. Bone, Tex. Civ.App., 69 S.W.2d 180.

■ The record discloses that, the defendant McCown filed a plea of privilege, seeking to have venue of the cause changed to the District Court of McLennan County. Plaintiff contends that, by filing the motion to dissolve the temporary writ, the defendant waived his plea of privilege. We do not think so. Although the question of venue is not properly before us for decision on this appeal, yet, in view of the contention of counsel, we express the opinion that, venue relates alone to the trial of a cause upon its merits, and not merely

to interlocutory orders that have no relation to an issue, either of law or of fact, going to the merits of the case. See Thacher Medicine Co. v. Trammell, Tex.Civ.App., 279 S.W. 307; Rex Refining Co. v. Morris, Tex.Civ.App., 72 S.W.2d 687, and authorities cited.

For reasons heretofore stated, we think the court acted properly in dissolving the temporary injunction, therefore, affirm the judgment.

Affirmed.